## Case No. 16,604.

### UNITED STATES v. VACA.

[Hoff. Dec. 22.]

District Court. N. D. California. Feb. 11, 1861.

CALIFORNIA LAND CLAIMS — SURVEY AFTER CONFIRMATION—FAILURE TO FILE MANDATE FROM SUPREME COURT.

[The survey of a claim, made by the surveyor general after the final confirmation of the claim by the supreme court, on which a patent has issued, is not invalid because the mandate issued by such court, directing further proceedings to be had in the district court, was not filed in the latter.]

[This was a claim by Juan Manuel Vaca and Juan Felipe Peña for Los Putos, 10 square leagues in Solano county, granted January 27, 1843, by Manuel Micheltorena to said Vaca and Peña. The claim was filed February 20, 1852, rejected by the commission November 15, 1853, and confirmed by the district court July 5, 1855, and the decree was

affirmed by the United States supreme court. 18 How. (59 U. S.) 557.]

HOFFMAN, District Judge. The claim in this case having been finally confirmed by the supreme court, the usual mandate directing that such further proceedings be had in this court as, according to right and justice, ought to be had, was issued. This mandate was not filed in this court, or presented to it by the attorneys for the claimant, but it was exhibited to the surveyor general, as evidence that the claim was finally confirmed, and in order that a survey and location should be made. The claim was accordingly surveyed and located by that officer. and, the survey having been finally approved by the executive authority at Washington, a patent for the land was issued. A duplicate or copy of the mandate has since been procured by certain parties, who allege the survey to be erroneous, and the same had been filed in this court. A motion is now made that an order be entered directing further proceedings to be had in obedience to it. It is not denied that the object of this motion is to obtain the order of this court that a new survey be made. and that the survey, when so made, may be brought into this court under the provisions of the act of 1860 [12 Stat. 33].

It would, undoubtedly, have been more regular to have filed the mandate in this court, and entered the usual order directing further proceedings to be had. Those further proceedings would have been the survey and location of the land. But, in strictness, the action of the surveyor general in the case would have been rather a compliance with the express requirements of the statute than with any order of this court. From the moment when, by the final decree of the supreme court, the claim was confirmed, it became the surveyor's duty to cause all the claims thus "finally confirmed to be accurately surveyed," and, upon such. a patent could lawfully issue. It is true that if, in the course of this proceeding, questions of a judicial nature arose as to the boundaries or location, the district court had authority to settle them. But this was when a proper case was submitted to it before the patent issued. Such is the express language of the supreme court in the case of Castro v. Hendricks, 23 How. [64 U. S.] 442.

The "further proceedings" to which alone the mandate could refer are the proceedings as to survey and location, which the court might have taken if any questions had arisen, and a "proper case" presented before the patent issued. But when the interposition of this court has not been asked, when the claim has been finally confirmed by the decree of the supreme court, and a survey made and patent issued, I can discover no authority in this court to set aside that patent, reform the survey, and direct an amended patent to issue.

In the case above cited, the supreme court say: "But it was not the expectation of this court that the surveyor general should make returns to the district court in every case, nor did they imply that the validity of a survey depended on the recognition of that court, or its incorporation into a decree of that court." It is evident, therefore, that the absence of any "recognition" by this court of the survey in the case at bar has no effect to impair its validity, or that of the patent issued in pursuance of it.

It is urged, however, that the court is empowered and required by the act of 1860 to order this survey to be returned to it. It will be perceived that the interposition of the court in this form is claimed on a ground inconsistent with that on which it is asked to enter an order for further proceedings, i. e. for a survey; for, in the last case, the application is based on the supposition that no legal survey has yet been made, and that none can be, or should have been, made, until after the filing of the mandate and order of this court directing further proceedings to be had. The former application proceeds on the idea that a regular survey has been made, which, by the terms of the act of 1860, is subjected to the supervision of this court.

As already intimated, I am unable to perceive any reason for treating the survey and patent as absolutely null and void merely because the mandate was not filed in this court. And if the survey was properly made, and a patent has issued in pursuance of it, the act of 1860 gives this court no authority to interpose. The primary object of that act was to subject surveys and locations thereafter to be made to the supervision of the district court, and to define and regulate, as its title recites, the jurisdiction already vested in the court, as was decided in the case of U. S. v. Fössatt [unreported]. But that jurisdiction was expressly declared in that case to exist over the cause only "until patent issued," and there could have been no intention on the part of congress to authorize the court to re-examine and set aside all surveys which had already been made, and on which patents had issued. That the act was chiefly intended to be prospective in its operation further appears from the fact that a special provision was inserted in the sixth section, subjecting all cases in which proceedings were then pending in the district courts to the operation of the act, except that no publication was to be made of the survey. But a case where no objection to the survey had been made, and where a patent had issued, could in no sense be said to be pending, or embraced within the provisions of either the first or the sixth sections.

On the whole, I am of opinion that this court has no jurisdiction to direct a new survey to be made, or to inquire into and set aside or reform the survey that has been made in this case.